UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>DAVID ANDREW SHAHBAZPOUR,<br>Defendant. | Case No. 4:18-cr-00557-JD-2<br><br>**ORDER RE COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 44 |

Defendant David Shahbazpour pleaded guilty to one count of conspiracy to deal in firearms without a license under 18 U.S.C. § 371 and four counts of dealing firearms without a license under 18 U.S.C. § 922(a)(1)(A). Dkt. No. 18. He is currently serving a term of imprisonment of 48 months at Federal Correctional Institution, Lompoc in California. Shahbazpour filed pro se a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3624(c) on the grounds that he is at a higher risk from a COVID-19 infection. Dkt. No. 44. The government opposes Shahbazpour's request for release. Dkt. No. 45. The motion is suitable for decision without oral argument and is denied.

While Shahbazpour refers to Section 3582(c)(1)(A)(i) and Section 3624(c) of title 18 of the United States Code in the caption of his motion, all of the arguments in the filing relate to compassionate release under Section 3582(c)(1)(A)(i). Shahbazpour is not eligible for relief under Section 3624(c), which grants the Bureau of Prisons authority to release a prisoner to a reentry facility for a period not to exceed 12 months at the end of a term of imprisonment, or home confinement for an even shorter period. Shahbazpour was sentenced to 48 months of imprisonment in August 2019. Dkt. No. 39. Accordingly, only Shahbazpour's request for compassionate release under Section 3582(c)(1)(A)(i) is at issue here.

Section 3582(c)(1)(A)(i), which is read in conjunction with the policy guidance in Section 1B1.13 of the United States Sentencing Guidelines, permits the Court to reduce a term of imprisonment when "extraordinary and compelling reasons" warrant it. The Guidelines expressly contemplate the possibility of a reduction for a defendant suffering from a terminal illness or a medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1(A). It also contains a catch-all provision that any extraordinary and compelling reason, even if it does not fall into a particular category, may justify a compassionate release. *Id.* cmt. n.1(D). As in every exercise of sentencing discretion, the Court must take into account the applicable factors set out by Congress in 18 U.S.C. § 3553(a) to ensure that any revised term of imprisonment is sufficient, but not greater than necessary, to achieve the goals of sentencing. 18 U.S.C. § 3582(c)(1)(A).

Shahbazpour requests compassionate release solely on the basis of the current public health situation and the conditions at the Lompoc prison where he is housed. He does not make a more general request, and the Court would see no possibility of considering an early release outside of the circumstances related to the COVID-19 pandemic. The risk factors that Shahbazpour identifies are a recent series of staph, MRSA, and upper respiratory infections, and a generally weakened immune system. Dkt. No. 44 at 18-19. He provided a letter from an ear, nose, and throat surgeon who reviewed his medical records and concluded that Shahbazpour would be highly susceptible to complications from the SARS-CoV-2 virus because of the open wounds created by MRSA and interactions between the viral and bacterial infections. *Id.*, Ex. C at ECF pp.25-26. Shahbazpour also says he is overweight. Dkt. No. 44 at 19.

Obesity is a factor determined by the CDC to increase the morbidity and mortality risks associated with COVID-19. While Shahbazpour's medical records indicate that he is overweight, he does not appear to have a body mass index over 30, the threshold for the COVID-19 risk factor identified by the CDC. The Court need not delve deeper into the details of Shahbazpour's health, or the doctor's letter, because, as it recognizes, Shahbazpour has already been exposed to and tested positive for COVID-19. *Id.*, Ex. C at ECF p.26. The government states that Shahbazpour

has fully recovered from the virus, Dkt. No. 45 at 1, and his medical records indicate that on May 19, 2020, Shahbazpour was determined to be asymptomatic and met the criteria for release from isolation, Dkt. No. 47, Ex. F at ECF p.50.

Shahbazpour says that, even as "asymptomatic," he experiences body and headaches, chills, loss of taste and smell, and difficulty breathing. Dkt. No. 44 at 18. He also claims his former bunkmate passed away after suffering from similar symptoms. *Id.* The doctor's note observes that "there is no clear evidence whether previous SARS-CoV2-infection offers immunity to future infection; in fact there is evidence that reinfections are occurring." *Id.*, Ex. C at ECF p.26. But as this indicates, there is no evidence-based consensus on this issue among medical professionals. While the Federal Correctional Complex, Lompoc has hardly been a model of effective infection monitoring or control, the immediate threat to Shahbazpour has passed with no serious long-term complications for him. That is enough to find that he has not proffered an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(i) at this time.

**IT IS SO ORDERED.**

Dated: July 7, 2020

JAMES DONATO
United States District Judge